UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ALBERTO GARCIA MATUL,

      Petitioner,

    v.                               Case No.:  2:26-cv-01252-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

      Respondents,

                           /

## OPINION AND ORDER

Before the Court are Luis Alberto Garcia Matul's Petition for Writ of Habeas Corpus (Doc. 1).

Garcia Matul is a native and citizen of Guatemala who entered the United States in 1998 and has continuously resided in the U.S. since then.  He has no criminal record.  Immigration and Customs Enforcement recently arrested Garcia Matul as he was leaving his house for work.  According to the Executive Office of Immigration Review's automated case information, the Department of Homeland Security commenced removal proceedings against Garcia Matul on April 10, 2026.   He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

Garcia Matul alleges the respondent has violated the Fifth Amendment and the Immigration and Nationality Act by detaining him without an

opportunity to seek release on bond. The Court served the petition on the U.S. Attorney General and the local U.S. Attorney's Office and ordered the government to respond to all allegations, grounds and arguments by April 28, 2026. The warden of Alligator Alcatraz filed motion to dismiss without addressing the merits of the petition, and the rest of the respondents failed to appear.

Garcia Matul's right to a bond depends on whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies here. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Garcia Matul asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

In cases with materially identical facts, the federal government has argued (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. The Court has consistently rejected those arguments. *See Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Garcia Matul's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Garcia Matul has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). [1]

The Court will thus order the respondents to either bring Garcia Matul before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Garcia Matul's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  What is more, the Second and Seventh Circuits rejected the government's arguments in *Da Cunha v. Freden*, No. 25-3141 (2nd Cir. 2026) and *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Garcia Matul to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Garcia Matul receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Luis Alberto Garcia Matul's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Garcia Matul for an individualized bond hearing before an immigration judge or (2) release Garcia Matul under reasonable conditions of supervision. If the respondents release Garcia Matul, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

(3)     The Clerk is also **DIRECTED** to email a copy of this order to USAFLM.Alcatraz@usdoj.gov.

**DONE AND ORDERED** in Fort Myers, Florida on May 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5